# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DALE E. HARPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-10-0849-HE |
| | ) | |
| WOODWARD COUNTY DISTRICT | ) | |
| COURT, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Dale Harper, a *pro se* state prisoner appearing *in forma pauperis*, filed this suit pursuant to 42 U.S.C. § 1983, alleging violations of his federal constitutional rights.[1] His claims reflect various objections to the proceedings against him in the District Court of Woodward County, alleging matters with respect to the presiding judge or judges, his appointed defense counsel,[2] and the medical treatment he has received. He also raised issues as to the substantive merit of the charges then pending against him.

Pursuant to 28 U.S.C. § 636(b)(1)(B), this matter was referred to Magistrate Judge Valerie K. Couch, who recommended that plaintiff's § 1983 action be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and (iii), for failure to state a claim on which relief may be granted. Judge Couch further recommended that plaintiff's motion for an extension of time for the clerk to serve the defendants and plaintiff's petition for a continuance also be denied.

---

[1] *Pro se pleadings are construed liberally. See* <u>Haines v. Kerner</u>, *404 U.S. 519, 520-21 (1972).*

[2] *Plaintiff apparently objects to, among other things, his counsel's efforts to secure a competency evaluation for him.*

The report and recommendation also noted, as an alternate ground, that dismissal was warranted on the basis of Younger abstention to the extent the relief sought by plaintiff would interfere with ongoing state proceedings.[3]

Plaintiff has filed an objection to the report and recommendation, continuing to object to the alleged bias of the state district judge and otherwise reiterating essentially the same matters as were described in Judge Couch's report and recommendation. He has also attached various police reports, photos, and his preliminary hearing transcript. His response, together with various other motions he has filed, also requests leave to amend his pleadings in response to the legal issues identified in the report.

For substantially the same reasons as were set out in the report and recommendation, the court **ADOPTS** the report and recommendation. *See* Coopersmith v. Supreme Court, State of Colo., 465 F.2d 993, 994 (10th Cir. 1972) (state district courts are not "persons" for purposes of a § 1983 claim); Harris v. Champion, 51 F.3d 901, 908 (10th Cir. 1995) (OIDS is a state agency that is entitled to Eleventh Amendment immunity on damages claims);[4] Lindsey v. Thomson, 275 Fed. Appx. 744, 747 (10th Cir. 2007) (affirming dismissal of § 1983 claims against police departments and county sheriff's departments, entities with no apparent legal existence). Plaintiff's complaint [Doc. #1] is **DISMISSED**. The claims against the State of Oklahoma, acting through the Oklahoma Indigent Defense System, are

---

[3]*Younger v. Harris*, 401 U.S. 37, 45 (1971).

[4]*Harris* has been superseded by statute as to certain issues not apparently involved here. See *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011).

dismissed with prejudice. While the court has considerable doubt whether plaintiff may ultimately be able to state a plausible claim against either Woodward County, its deputies in their individual capacities, or against his lawyers individually, that cannot be determined with complete certainty as this point. Plaintiff's motion to amend his complaint [Doc. #16] is **GRANTED**. Plaintiff is granted leave to amend his complaint, remedying the various defects identified in the report, if he can do so, **within thirty (30) days** from entry of this order. Plaintiff's other motions [Doc. Nos. 18, 20, 28 & 30] are **STRICKEN** as moot and/or premature.

    **IT IS SO ORDERED**.

    Dated this 17th day of May, 2011.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE